IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KELVIN WILKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| LAKE COUNTY SHERIFF'S DEPARTMENT, | ) |
| COUNTY OF LAKE, UNKNOWN OFFICERS | ) |
| OF LAKE COUNTY SHERIFF'S | ) |
| DEPARTMENT, CITY OF GARY, and | ) |
| UNKNOWN OFFICERS OF GARY | ) |
| POLICE DEPARTMENT, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, KELVIN WILKINS, by and through his attorneys, DEUTSCHMAN & SKAFISH, P.C., complaining of the Defendants, LAKE COUNTY SHERIFF'S DEPARTMENT, COUNTY OF LAKE, UNKNOWN OFFICERS OF LAKE COUNTY SHERIFF'S DEPARTMENT, CITY OF GARY, and UNKNOWN OFFICERS OF GARY POLICE DEPARTMENT, and states as follows:

### JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, 28 U.S.C. § 1331 and § 1343, the Constitution of the United States, and this Court's supplementary powers pursuant to 28 U.S.C. § 1367.

2. Additionally, this Court also has jurisdiction pursuant to 28 U.S.C. § 1332(a)1, as there is complete diversity of citizenship.

3. Venue in the Northern District of Indiana, Hammond Division, is proper under 28 U.S.C. § 1391(b)1 & (b)2, as Defendants reside in and maintain their principal place of business

in the State of Indiana and the events giving rise to this cause of action occurred in Lake County, Indiana.

## PARTIES

4. Plaintiff, KELVIN WILKINS, is a resident of the State of Illinois and of the United States.

5. Defendant LAKE COUNTY SHERIFF'S DEPARTMENT was at all times relevant hereto a department of Defendant COUNTY OF LAKE.

6. Defendant LAKE COUNTY SHERIFF'S DEPARTMENT is a duly constituted public entity, deemed to reside in the State of Indiana pursuant to 28 U.S.C. § 1391(c)2 and is liable for any judgment entered against the Defendants, UNKNOWN OFFICERS OF LAKE COUNTY SHERIFF'S DEPARTMENT, arising out of their employment.

7. Defendant, COUNTY OF LAKE, is a duly incorporated municipal entity located in Lake County, Indiana, deemed to reside in the State of Indiana pursuant to 28 U.S.C. § 1391(c)2, and is liable for any judgment entered against the Defendants, UNKNOWN OFFICERS OF LAKE COUNTY SHERIFF'S DEPARTMENT, arising out of their employment.

8. At all times material to this Complaint, Defendants LAKE COUNTY SHERIFF'S DEPARTMENT and COUNTY OF LAKE employed Defendants, UNKNOWN OFFICERS OF LAKE COUNTY SHERIFF'S DEPARTMENT, who were acting under color of state law, ordinances, regulations, and statutes of the County of Lake, City of Gary, and State of Indiana in their official capacity and individual capacity.

9. Defendant, CITY OF GARY, is a duly incorporated municipal entity located in Lake County, Indiana, and deemed to reside in the State of Indiana pursuant to 28 U.S.C. § 1391(c)2, and is liable for any judgment entered against the Defendants, UNKNOWN OFFICERS OF GARY POLICE DEPARTMENT, arising out of their employment.

10. At all times material to this Complaint, Defendant CITY OF GARY employed Defendants, UNKNOWN OFFICERS OF GARY POLICE DEPARTMENT, who were acting under color of state law, ordinances, regulations, and statutes of the County of Lake, City of Gary, and State of Indiana in their official capacity and individual capacity.

## FACTUAL SUMMARY

11. On March 7, 2023, one or more officers of the Porter County Sheriff's Police attempted to pull over a black Dodge Durango on Route 49 near Route 6, in Porter County, Indiana.

12. At the aforesaid time and place, Plaintiff KELVIN WILKINS was one of the occupants of the Dodge Durango in question.

13. The driver of the Dodge Durango did not stop, and a vehicle pursuit ensued.

14. The vehicle was initially pursued by agents of the Porter County Sheriff's Police, and the pursuit was eventually joined by agents of Defendants LAKE COUNTY SHERIFF'S DEPARTMENT, COUNTY OF LAKE, and CITY OF GARY.

15. The pursuit continued into Lake County, Indiana, and ultimately ended on Broadway near 7th Avenue in Gary, Indiana.

16. The pursuit ended when an officer of the Gary Police Department, acting in his capacity as an agent and employee of the CITY OF GARY, executed a PIT (precision immobilization technique) maneuver, which is a controversial form of tactical ramming linked to 20 traffic fatalities between 2016 and 2020.

17. After the vehicle came to a stop, Plaintiff and the other occupants of the vehicle put their hands up and immediately surrendered.

18. Thereafter, one or more officers on scene dragged Plaintiff from the vehicle, threw him to the ground, and punched, hit, and otherwise struck him repeatedly.

19. Plaintiff did not strike the police officers involved, resist arrest, or put up a fight in any way.

20. Plaintiff was injured as a result of the physical assault and beating described above.

21. Upon information and belief, the officer or officers who physically struck Plaintiff was/were UNKNOWN OFFICERS OF LAKE COUNTY SHERIFF'S DEPARTMENT employed by Defendants LAKE COUNTY SHERIFF'S DEPARTMENT and/or COUNTY OF LAKE.

22. However, at the time Plaintiff was beaten, UNKNOWN OFFICERS OF LAKE COUNTY SHERIFF'S DEPARTMENT (working on behalf of LAKE COUNTY SHERIFF'S DEPARTMENT and COUNTY OF LAKE), UNKNOWN OFFICERS OF GARY POLICE DEPARTMENT (working on behalf of CITY OF GARY), and members of the Porter County Sheriff's Police were all present, with weapons drawn, controlling the scene, enforcing and reinforcing the means by which the suspects were taken into custody, failing to intervene when the offending officer(s) violently struck Plaintiff, and removing any possibility of Plaintiff being detained without experiencing a physical battery in the process. These facts, as well as other facts stated above, created a nexus whereby all law enforcement agencies were acting in concert under color of state law.

### COUNT I
### UNKNOWN OFFICERS OF LAKE COUNTY SHERIFF'S DEPARTMENT - EXCESSIVE FORCE PURSUANT TO 42 U.S.C. § 1983 AND THE FOURTH AND/OR FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION

23. Plaintiff hereby incorporates and realleges paragraphs 1 through 22 above as though fully stated herein.

24. The actions of UNKNOWN OFFICERS OF LAKE COUNTY SHERIFF'S DEPARTMENT and failure to intervene in the actions of other officers, amounted to an

excessive use of force on the person of Plaintiff, when there were no reasonable grounds to do so.

25. The conduct of the officers described herein constituted a deprivation of Plaintiff's constitutionally protected rights, to wit his Fourth and/or Fourteenth Amendment Rights afforded by the U.S. Constitution, while acting under color of the law of the State of Indiana.

26. The aforementioned actions of the officers were the direct cause, proximate cause, and cause in fact of the constitutional violations set forth herein.

27. The aforementioned actions were malicious, willful and/or wanton, and constituted a reckless and/or callous indifference to Plaintiff's constitutionally protected rights.

28. The aforementioned actions violated Plaintiff's established statutory and/or constitutionally protected rights, which a reasonable person would have known and appreciated.

29. As a direct and proximate result of UNKNOWN OFFICERS OF LAKE COUNTY SHERIFF'S DEPARTMENT's actions, Plaintiff was physically injured, suffered substantial pain and suffering, incurred past and future medical treatment, incurred past and future loss of normal life, and was permanently harmed.

WHEREFORE, Plaintiff, KELVIN WILKINS, asks judgment of the Defendants, UNKNOWN OFFICERS OF LAKE COUNTY SHERIFF'S DEPARTMENT, in a fair and reasonable sum greater than ($75,000.00) SEVENTY-FIVE THOUSAND DOLLARS, including compensatory damages, punitive damages, costs, and attorney's fees.

## COUNT II
## LAKE COUNTY SHERIFF'S DEPARTMENT and COUNTY OF LAKE - EXCESSIVE FORCE PURSUANT TO 42 U.S.C. § 1983 AND THE FOURTH AND/OR FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION

30. Plaintiff hereby incorporates and realleges paragraphs 1 through 22 above as though fully stated herein.

5

31. The actions of the officers employed by LAKE COUNTY SHERIFF'S DEPARTMENT and/or COUNTY OF LAKE described herein occurred while they were on duty and acting in the scope of their authority for Defendants LAKE COUNTY SHERIFF'S DEPARTMENT and/or COUNTY OF LAKE.

32. The officers' actions, and failure to intervene in the actions of other officers, amounted to an excessive use of force on the person of Plaintiff, when there were no reasonable grounds to do so.

33. The conduct of the officers described herein constituted a deprivation of Plaintiff's constitutionally protected rights, to wit his Fourth and/or Fourteenth Amendment Rights afforded by the U.S. Constitution, while acting under color of the law of the State of Indiana.

34. The aforementioned actions of the officers were the direct cause, proximate cause, and cause in fact of the constitutional violations set forth herein.

35. The aforementioned actions were malicious, willful and/or wanton, and constituted a reckless and/or callous indifference to Plaintiff's constitutionally protected rights.

36. The aforementioned actions violated Plaintiff's established statutory and/or constitutionally protected rights, which a reasonable person would have known and appreciated.

37. As a direct and proximate result of Defendants' officers' actions, Plaintiff was physically injured, suffered substantial pain and suffering, incurred past and future medical treatment, incurred past and future loss of normal life, and was permanently harmed.

WHEREFORE, Plaintiff, KELVIN WILKINS, asks judgment of the Defendants, LAKE COUNTY SHERIFF'S DEPARTMENT and/or COUNTY OF LAKE, in a fair and reasonable sum greater than ($75,000.00) SEVENTY-FIVE THOUSAND DOLLARS, including compensatory damages, punitive damages, costs, and attorney's fees.

## COUNT III
## UNKNOWN OFFICERS OF LAKE COUNTY SHERIFF'S DEPARTMENT - FAILURE TO PROTECT OR INTERVENE

38. Plaintiff hereby incorporates and realleges paragraphs 1 through 37 above as though fully stated herein.

39. The actions of the officers who physically battered Plaintiff amounted to excessive force.

40. There was no legal cause for the officers in question to use the type of force they used against Plaintiff.

41. The UNKNOWN OFFICERS OF LAKE COUNTY SHERIFF'S DEPARTMENT had the ability and opportunity to stop the officers in question from using excessive force against Plaintiff but failed to do so.

42. By reason of these acts and/or omissions, Plaintiff was deprived of rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendments to the U.S. Constitution and laws enacted thereunder.

43. As a direct and proximate result of UNKNOWN OFFICERS OF LAKE COUNTY SHERIFF'S DEPARTMENT's actions, Plaintiff was physically injured, suffered substantial pain and suffering, incurred past and future medical treatment, incurred past and future loss of normal life, and was permanently harmed.

WHEREFORE, Plaintiff, KELVIN WILKINS, asks judgment of the Defendant, UNKNOWN OFFICERS OF LAKE COUNTY SHERIFF'S DEPARTMENT, in a fair and reasonable sum greater than ($75,000.00) SEVENTY-FIVE THOUSAND DOLLARS, including compensatory damages, punitive damages, costs, and attorney's fees.

**COUNT IV**
**LAKE COUNTY SHERIFF'S DEPARTMENT and COUNTY OF LAKE - FAILURE TO PROTECT OR INTERVENE**

44. Plaintiff hereby incorporates and realleges paragraphs 1 through 37 above as though fully stated herein.

45. The actions of the officers who physically battered Plaintiff amounted to excessive force.

46. There was no legal cause for the officers in question to use the type of force they used against Plaintiff.

47. Officers of the LAKE COUNTY SHERIFF'S DEPARTMENT and COUNTY OF LAKE had the ability and opportunity to stop the officers in question from using excessive force against Plaintiff but failed to do so.

48. By reason of these acts and/or omissions, Plaintiff was deprived of rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendments to the U.S. Constitution and laws enacted thereunder.

49. The failure to protect Plaintiff occurred while the officers in question were on duty and acting in the scope of their authority for Defendants LAKE COUNTY SHERIFF'S DEPARTMENT and/or COUNTY OF LAKE.

50. As a direct and proximate result of Defendants' officers' actions, Plaintiff was physically injured, suffered substantial pain and suffering, incurred past and future medical treatment, incurred past and future loss of normal life, and was permanently harmed.

WHEREFORE, Plaintiff, KELVIN WILKINS, asks judgment of the Defendants, LAKE COUNTY SHERIFF'S DEPARTMENT and/or COUNTY OF LAKE, in a fair and reasonable sum greater than ($75,000.00) SEVENTY-FIVE THOUSAND DOLLARS, including compensatory damages, punitive damages, costs, and attorney's fees.

## COUNT V
## UNKNOWN OFFICERS OF LAKE COUNTY SHERIFF'S DEPARTMENT - STATE LAW BATTERY

51. Plaintiff hereby incorporates and realleges paragraphs 1 through 50 above as though fully stated herein.

52. The actions of the officers described herein amounted to knowing and intentional touchings of Plaintiff's person against his will in a rude, insolent, and/or angry manner.

53. As a direct and proximate result of the UNKNOWN OFFICERS OF LAKE COUNTY SHERIFF'S DEPARTMENT's actions, Plaintiff was physically injured, suffered substantial pain and suffering, incurred past and future medical treatment, incurred past and future loss of normal life, and was permanently harmed.

WHEREFORE, Plaintiff, KELVIN WILKINS, asks judgment of the Defendants, UNKNOWN OFFICERS OF LAKE COUNTY SHERIFF'S DEPARTMENT, in a fair and reasonable sum greater than ($75,000.00) SEVENTY-FIVE THOUSAND DOLLARS, including compensatory damages, punitive damages, costs, and attorney's fees.

## COUNT VI
## LAKE COUNTY SHERIFF'S DEPARTMENT and COUNTY OF LAKE - STATE LAW BATTERY

54. Plaintiff hereby incorporates and realleges paragraphs 1 through 50 above as though fully stated herein.

55. The actions of the officers described herein amounted to knowing and intentional touchings of Plaintiff's person against his will in a rude, insolent, and/or angry manner.

56. As a direct and proximate result of Defendants' officers' actions, Plaintiff was physically injured, suffered substantial pain and suffering, incurred past and future medical treatment, incurred past and future loss of normal life, and was permanently harmed.

WHEREFORE, Plaintiff, KELVIN WILKINS, asks judgment of the Defendants, LAKE COUNTY SHERIFF'S DEPARTMENT and/or COUNTY OF LAKE, in a fair and reasonable

sum greater than ($75,000.00) SEVENTY-FIVE THOUSAND DOLLARS, including compensatory damages, punitive damages, costs, and attorney's fees.

## COUNT VII
## LAKE COUNTY SHERIFF'S DEPARTMENT and COUNTY OF LAKE - STATE LAW NEGLIGENCE

57. Plaintiff hereby incorporates and realleges paragraphs 1 through 50 above as though fully stated herein.

58. The actions of the officers employed by the LAKE COUNTY SHERIFF'S DEPARTMENT and/or COUNTY OF LAKE described herein occurred while they were on duty and acting in the scope of their authority for Defendants LAKE COUNTY SHERIFF'S DEPARTMENT and/or COUNTY OF LAKE.

59. Defendants, LAKE COUNTY SHERIFF'S DEPARTMENT and/or COUNTY OF LAKE, by and through their agents and employees, had a duty to act with reasonable care during their interactions with Plaintiff.

60. Defendants, LAKE COUNTY SHERIFF'S DEPARTMENT and/or COUNTY OF LAKE, by and through their agents and employees, breached their duty of care to Plaintiff in one or more of the following ways:

   (a) Forcing Plaintiff's body into the ground, when it was unnecessary to do so to detain him;

   (b) Striking Plaintiff's face and body, when it was unnecessary to do so to detain him;

   (c) Failing to intervene when other officers were acting with unnecessary force;

   (d) Failing to institute policies and procedures for the detention of suspects to prevent unnecessary force; and

   (e) Failing to demote, retrain, terminate, or supervise the officers responsible for the beatings so that suspects could be detained without unnecessary force.

61.     As a direct and proximate result of Defendants' officers' actions, Plaintiff was physically injured, suffered substantial pain and suffering, incurred past and future medical treatment, incurred past and future loss of normal life, and was permanently harmed.

WHEREFORE, Plaintiff, KELVIN WILKINS, asks judgment of the Defendants, LAKE COUNTY SHERIFF'S DEPARTMENT and/or COUNTY OF LAKE, in a fair and reasonable sum greater than ($75,000.00) SEVENTY-FIVE THOUSAND DOLLARS, including compensatory damages, punitive damages, costs, and attorney's fees.

## COUNT VIII
## LAKE COUNTY SHERIFF'S DEPARTMENT and COUNTY OF LAKE - VIOLATION OF 42 U.S.C. § 1983 – MONELL CLAIM

62.     Plaintiff hereby incorporates and realleges paragraphs 1 through 56 above as though fully stated herein.

63.     This count is brought pursuant to 42 U.S.C. § 1983 and the Constitution of the United States.

64.     Defendants, LAKE COUNTY SHERIFF'S DEPARTMENT and COUNTY OF LAKE had knowledge of a pattern and practice among Lake County Sheriff's Department officers to use excessive force during the arrest and detention of accused individuals since at least 2018.

65.     Defendants, LAKE COUNTY SHERIFF'S DEPARTMENT and COUNTY OF LAKE perpetuated, tolerated, and fostered their officers' use of excessive force during arrests and detentions by refusing and failing to take corrective actions and continuing to allow said officers to use excessive force.

66.     Defendants, LAKE COUNTY SHERIFF'S DEPARTMENT and COUNTY OF LAKE's acceptance of the pattern and practice of using excessive force was so widespread that, although not written or express policy, it constituted a custom or usage within the police force in question.

67. The above-described policy, practice, custom, and procedure proximately caused a violation of Plaintiff's civil rights.

WHEREFORE, Plaintiff, KELVIN WILKINS, asks judgment of the Defendants, LAKE COUNTY SHERIFF'S DEPARTMENT and/or COUNTY OF LAKE, in a fair and reasonable sum greater than ($75,000.00) SEVENTY-FIVE THOUSAND DOLLARS, including compensatory damages, punitive damages, costs, and attorney's fees.

## COUNT IX
## LAKE COUNTY SHERIFF'S DEPARTMENT and COUNTY OF LAKE - INDEMNIFICATION

68. Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 67 above as though fully stated herein.

69. Defendants LAKE COUNTY SHERIFF'S DEPARTMENT and/or COUNTY OF LAKE are the employer of the Defendants, UNKNOWN OFFICERS OF LAKE COUNTY SHERIFF'S DEPARTMENT, alleged above.

70. The UNKNOWN OFFICERS OF LAKE COUNTY SHERIFF'S DEPARTMENT, as alleged above, committed the acts under color of law and in the course and scope of employment of Defendant LAKE COUNTY SHERIFF'S DEPARTMENT and/or COUNTY OF LAKE.

WHEREFORE, should the Defendants, UNKNOWN OFFICERS OF LAKE COUNTY SHERIFF'S DEPARTMENT, be found liable for any of the alleged counts in this case, Plaintiff demands that, pursuant to Indiana law, Defendant LAKE COUNTY SHERIFF'S DEPARTMENT and COUNTY OF LAKE pay Plaintiff any judgment obtained against the Defendant UNKNOWN OFFICERS OF LAKE COUNTY SHERIFF'S DEPARTMENT as a result of this Complaint.

**COUNT X**
**UNKNOWN OFFICERS OF GARY POLICE DEPARTMENT -**
**EXCESSIVE FORCE PURSUANT TO 42 U.S.C. § 1983 AND THE FOURTH AND/OR**
**FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION**

71. Plaintiff hereby incorporates and realleges paragraphs 1 through 22 above as though fully stated herein.

72. The actions of UNKNOWN OFFICERS OF GARY POLICE DEPARTMENT, and their failure to intervene in the actions of other officers, amounted to an excessive use of force on the person of Plaintiff, when there were no reasonable grounds to do so.

73. The conduct of the officers described herein constituted a deprivation of Plaintiff's constitutionally protected rights, to wit his Fourth and/or Fourteenth Amendment Rights afforded by the U.S. Constitution, while acting under color of the law of the State of Indiana.

74. The aforementioned actions of the officers were the direct cause, proximate cause, and cause in fact of the constitutional violations set forth herein.

75. The aforementioned actions were malicious, willful and/or wanton, and constituted a reckless and/or callous indifference to Plaintiff's constitutionally protected rights.

76. The aforementioned actions violated Plaintiff's established statutory and/or constitutionally protected rights, which a reasonable person would have known and appreciated.

77. As a direct and proximate result of UNKNOWN OFFICERS OF GARY POLICE DEPARTMENT's actions, Plaintiff was physically injured, suffered substantial pain and suffering, incurred past and future medical treatment, incurred past and future loss of normal life, and was permanently harmed.

WHEREFORE, Plaintiff, KELVIN WILKINS, asks judgment of the Defendant, UNKNOWN OFFICERS OF GARY POLICE DEPARTMENT, in a fair and reasonable sum

greater than ($75,000.00) SEVENTY-FIVE THOUSAND DOLLARS, including compensatory damages, punitive damages, costs, and attorney's fees.

## COUNT XI
## CITY OF GARY -
## EXCESSIVE FORCE PURSUANT TO 42 U.S.C. § 1983 AND THE FOURTH AND/OR FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION

78. Plaintiff hereby incorporates and realleges paragraphs 1 through 22 above as though fully stated herein.

79. The actions of the officers employed by the CITY OF GARY described herein occurred while they were on duty and acting in the scope of their authority for Defendant CITY OF GARY.

80. The officers' actions, and failure to intervene in the actions of other officers, amounted to an excessive use of force on the person of Plaintiff, when there were no reasonable grounds to do so.

81. The conduct of the officers described herein constituted a deprivation of Plaintiff's constitutionally protected rights, to wit his Fourth and/or Fourteenth Amendment Rights afforded by the U.S. Constitution, while acting under color of the law of the State of Indiana.

82. The aforementioned actions of the officers were the direct cause, proximate cause, and cause in fact of the constitutional violations set forth herein.

83. The aforementioned actions were malicious, willful and/or wanton, and constituted a reckless and/or callous indifference to Plaintiff's constitutionally protected rights.

84. The aforementioned actions violated Plaintiff's established statutory and/or constitutionally protected rights, which a reasonable person would have known and appreciated.

85. As a direct and proximate result of Defendant's officers' actions, Plaintiff was physically injured, suffered substantial pain and suffering, incurred past and future medical treatment, incurred past and future loss of normal life, and was permanently harmed.

WHEREFORE, Plaintiff, KELVIN WILKINS, asks judgment of the Defendant, CITY OF GARY, in a fair and reasonable sum greater than ($75,000.00) SEVENTY-FIVE THOUSAND DOLLARS, including compensatory damages, punitive damages, costs, and attorney's fees.

## COUNT XII
## UNKNOWN OFFICERS OF GARY POLICE DEPARTMENT - FAILURE TO PROTECT OR INTERVENE

86. Plaintiff hereby incorporates and realleges paragraphs 1 through 22 and 71 through 85 above as though fully stated herein.

87. The actions of the officers who physically battered Plaintiff amounted to excessive force.

88. There was no legal cause for the officers in question to use the type of force they did against Plaintiff.

89. The UNKNOWN OFFICERS OF GARY POLICE DEPARTMENT had the ability and opportunity to stop the officers in question from using excessive force against Plaintiff but failed to do so.

90. By reason of these acts and/or omissions, Plaintiff was deprived of rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendments to the U.S. Constitution and laws enacted thereunder.

91. As a direct and proximate result of Defendant's officers' actions, Plaintiff was physically injured, suffered substantial pain and suffering, incurred past and future medical treatment, incurred past and future loss of normal life, and was permanently harmed.

WHEREFORE, Plaintiff, KELVIN WILKINS, asks judgment of the Defendant, UNKNOWN OFFICERS OF GARY POLICE DEPARTMENT, in a fair and reasonable sum greater than ($75,000.00) SEVENTY-FIVE THOUSAND DOLLARS, including compensatory damages, punitive damages, costs, and attorney's fees.

## COUNT XIII
## CITY OF GARY -
## FAILURE TO PROTECT OR INTERVENE

92. Plaintiff hereby incorporates and realleges paragraphs 1 through 22 and 71 through 85 above as though fully stated herein.

93. The actions of the officers who physically battered Plaintiff amounted to excessive force.

94. There was no legal cause for the officers in question to use the type of force they did against Plaintiff.

95. Officers of the CITY OF GARY had the ability and opportunity to stop the officers in question from using excessive force against Plaintiff but failed to do so.

96. By reason of these acts and/or omissions, Plaintiff was deprived of rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendments to the U.S. Constitution and laws enacted thereunder.

97. The failure to protect Plaintiff occurred while the officers in question were on duty and acting in the scope of their authority for Defendant CITY OF GARY.

98. As a direct and proximate result of Defendant's officers' actions, Plaintiff was physically injured, suffered substantial pain and suffering, incurred past and future medical treatment, incurred past and future loss of normal life,  and was permanently harmed.

WHEREFORE, Plaintiff, KELVIN WILKINS, asks judgment of the Defendant, CITY OF GARY, in a fair and reasonable sum greater than ($75,000.00) SEVENTY-FIVE

THOUSAND DOLLARS, including compensatory damages, punitive damages, costs, and attorney's fees.

## COUNT XIV
## UNKNOWN OFFICERS OF GARY POLICE DEPARTMENT - STATE LAW BATTERY

99. Plaintiff hereby incorporates and realleges paragraphs 1 through 22 and 71 through 98 above as though fully stated herein.

100. The actions of the officers described herein amounted to knowing and intentional touchings of Plaintiff's person against his will in a rude, insolent, and/or angry manner.

101. As a direct and proximate result of Defendant's officers' actions, Plaintiff was physically injured, suffered substantial pain and suffering, incurred past and future medical treatment, incurred past and future loss of normal life, and was permanently harmed.

WHEREFORE, Plaintiff, KELVIN WILKINS, asks judgment of the Defendant, UNKNOWN OFFICERS OF GARY POLICE DEPARTMENT, in a fair and reasonable sum greater than ($75,000.00) SEVENTY-FIVE THOUSAND DOLLARS, including compensatory damages, punitive damages, costs, and attorney's fees.

## COUNT XV
## CITY OF GARY - STATE LAW BATTERY

102. Plaintiff hereby incorporates and realleges paragraphs 1 through 22 and 71 through 98 above as though fully stated herein.

103. The actions of the officers described herein amounted to knowing and intentional touchings of Plaintiff's person against his will in a rude, insolent, and/or angry manner.

104. As a direct and proximate result of Defendant's officers' actions, Plaintiff was physically injured, suffered substantial pain and suffering, incurred past and future medical treatment, incurred past and future loss of normal life, and was permanently harmed.

WHEREFORE, Plaintiff, KELVIN WILKINS, asks judgment of the Defendant, CITY OF GARY, in a fair and reasonable sum greater than ($75,000.00) SEVENTY-FIVE THOUSAND DOLLARS, including compensatory damages, punitive damages, costs, and attorney's fees.

## COUNT XVI
## CITY OF GARY -
## STATE LAW NEGLIGENCE

105. Plaintiff hereby incorporates and realleges paragraphs 1 through 22 and 71 through 98 above as though fully stated herein.

106. The actions of the officers employed by the CITY OF GARY described herein occurred while they were on duty and acting in the scope of their authority for Defendant CITY OF GARY.

107. Defendant, CITY OF GARY, by and through its agents and employees, had a duty to act with reasonable care during its interactions with Plaintiff.

108. Defendant, CITY OF GARY, by and through its agents and employees, breached its duty of care to Plaintiff in one or more of the following ways:

(a) Forcing Plaintiff's body into the ground, when it was unnecessary to do so to detain him;

(b) Striking Plaintiff's face and body, when it was unnecessary to do so to detain him;

(c) Failing to intervene when other officers were acting with unnecessary force;

(d) Failing to institute policies and procedures for the detention of suspects to prevent unnecessary force; and

(e) Failing to demote, retrain, terminate, or supervise the officers responsible for the beatings so that suspects could be detained without unnecessary force.

109. As a direct and proximate result of Defendant's officers' actions, Plaintiff was physically injured, suffered substantial pain and suffering, incurred past and future medical treatment, incurred past and future loss of normal life, and was permanently harmed.

WHEREFORE, Plaintiff, KELVIN WILKINS, asks judgment of the Defendant, CITY OF GARY, in a fair and reasonable sum greater than ($75,000.00) SEVENTY-FIVE THOUSAND DOLLARS, including compensatory damages, punitive damages, costs, and attorney's fees.

## COUNT XVII
## CITY OF GARY -
## VIOLATION OF 42 U.S.C. § 1983 – MONELL CLAIM

110. Plaintiff hereby incorporates and realleges paragraphs 1 through 22 and 71 through 109 above as though fully stated herein.

111. This count is brought pursuant to 42 U.S.C. § 1983 and the Constitution of the United States.

112. Defendant, CITY OF GARY, had knowledge of a pattern and practice among its own officers, and officers of the Lake County Sheriff's Department when acting in concert with them, to use excessive force during the arrest and detention of accused individuals since at least 2018.

113. Defendant, CITY OF GARY, perpetuated, tolerated, and fostered its/their officers' use of excessive force during arrests and detentions by refusing and failing to take corrective actions and continuing to allow said officers to use excessive force.

114. Defendant, CITY OF GARY's acceptance of the pattern and practice of using excessive force was so widespread that, although not written or express policy, it constituted a custom or usage within the police force in question.

115. The above-described policy, practice, custom, and procedure proximately caused a violation of Plaintiff's civil rights.

WHEREFORE, Plaintiff, KELVIN WILKINS, asks judgment of the Defendant, CITY OF GARY, in a fair and reasonable sum greater than ($75,000.00) SEVENTY-FIVE

THOUSAND DOLLARS, including compensatory damages, punitive damages, costs, and attorney's fees.

## COUNT XVIII
## CITY OF GARY -
## INDEMNIFICATION

116. Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 22 and 71 through 109 above as though fully stated herein.

117. Defendant CITY OF GARY is the employer of the Defendants, UNKNOWN OFFICERS OF GARY POLICE DEPARTMENT, alleged above.

118. The UNKNOWN OFFICERS OF GARY POLICE DEPARTMENT, as alleged above, committed the acts under color of law and in the course and scope of employment of Defendant CITY OF GARY.

WHEREFORE, should the Defendants, UNKNOWN OFFICERS OF GARY POLICE DEPARTMENT, be found liable for any of the alleged counts in this case, Plaintiff demands that, pursuant to Indiana law, Defendant CITY OF GARY pay Plaintiff any judgment obtained against the Defendant UNKNOWN OFFICERS OF GARY POLICE DEPARTMENT as a result of this Complaint.

Respectfully submitted,

By: ___/s/ Bradley A. Skafish___
ATTORNEY FOR PLAINTIFF

Bradley A. Skafish
**DEUTSCHMAN & SKAFISH, P.C.**
77 West Washington Street - Suite 1525
Chicago, IL  60602
(312) 419-1600
brad@deutschmanlaw.com
Attorney ID #24687-64